UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Petitioner,<br><br>    v.<br><br>JOHN N. KATAVICH,<br><br>        Respondent. | 1:15-cv-0215-MJS (HC)<br><br>ORDER TRANSFERRING CASE TO THE SACRAMENTO DIVISION OF THE EASTERN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Venue for a habeas action is proper in either the district of confinement or the district of conviction. 28 U.S.C. § 2241(d). The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination. Id.

It is preferable for petitions challenging a conviction or sentence to be heard in the district of conviction while petitions challenging the manner in which the sentence is

being executed be heard in the district of confinement. <u>Dunne v. Henman</u>, 875 F.2d 244, 249 (9th Cir. 1989).

Although Petitioner was convicted in Los Angeles County, he is challenging the calculation of his inmate classification score, that is, the manner in which the sentence is being executed. Accordingly, the matter should proceed in the district of confinement. Petitioner was confined in Solano County at the time of filing the petition. Solano County is part of the Sacramento Division of the United States District Court for the Eastern District of California. Therefore, the petition should have been filed in the Sacramento Division.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to the Sacramento Division. Good cause appearing, IT IS HEREBY ORDERED that:

1. This action is transferred to the United States District Court for the Eastern District of California sitting in Sacramento; and

2. All future filings shall reference the new Sacramento case number assigned and shall be filed at:
    United States District Court
    Eastern District of California
    501 "I" Street, Suite 4-200
    Sacramento, CA 95814

3. This court has not ruled on petitioner's request to proceed in forma pauperis.

IT IS SO ORDERED.

Dated:   February 11, 2015          /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE